WILLIAM C. CLIFT et al.

*v.*

ELIZABETH SCHEUTZ et al.

[Decided July 23d, 1914.]

1. Unless affected by the recording acts, the earlier in time of two assignments of the same mortgage prevails.

2. Under Conveyance act (*P. L. 1898 p. 690 § 54*), providing that instruments which may be recorded under section 21 shall be void and of no effect against subsequent judgment creditors without notice, and against all subsequent *bona fide* purchasers and mortgagees not having notice thereof, whose deed or mortgage shall have been first duly recorded, an assignee of a mortgage, to whom the bond and mortgage were not delivered, and who over a year before acted as attorney in a suit in which the interest of the mortgagee was attached in the possession of the holder of a prior unrecorded assignment, was not a *bona fide* purchaser without notice.

3. Where a mortgagee assigned the mortgage to D., and thereafter made a subsequent assignment to another party, D.'s assignee succeeded to the title and rights of D., though he paid only a small sum for the assignment, and the subsequent assignee was not entitled to redeem on payment of such sum.

On bill to foreclose. Heard on bill, answer, replication and proofs.

*Messrs. King & Vogt,* for the complainants.

*Mr. Franklin W. Fort,* for the defendant MacLear.

EMERY, V. C.

Elizabeth Scheutz and husband gave to Walter P. Lindsley a mortgage on lands in Sussex county, dated July 12th, 1904, for $1,500, payable in one year with interest. On October 9th, 1905, Walter P. Lindsley assigned this mortgage to Dey & Sutphen as collateral security for payments to become due on a building contract between Dey & Sutphen and the O. K. Building Com-

pany, in which Walter P. Lindsley was interested. The bond and mortgage were delivered to the assignees with the assignment. The amount which afterwards became due on the contract to Dey & Sutphen was $3,500, and on January 12th, 1910, Dey & Sutphen assigned the bond and mortgage, as well as the contract and the debt due thereon, to the complainants Clift and Best. The two assignments of the mortgage were recorded on January 21st, 1910.

A writ of attachment at the suit of the Manalapan Light Company was issued against Walter P. Lindsley, subsequent to the assignment to Dey & Sutphen, and on June 19th, 1906, the sheriff, under this writ, attached in the hands of Dey & Sutphen all the right, title and interest of the defendant Walter P. Lindsley in this mortgage, and made return that he attached such interest on the mortgage "in the hands of Dey & Sutphen, but not assigned to them." The authority for inserting this statement, "but not assigned to them," in the return, has not been shown, and so far as Dey & Sutphen are concerned, the inclusion of this statement in the sheriff's return has no effect in this case. Mr. MacLear was the attorney for the company in this attachment suit, and more than a year later, on August 23d, 1907, he received an assignment of this bond and mortgage from Walter P. Lindsley, executed in his name by Morris B. Lindsley, his attorney-in-fact, under a power of attorney referred to in the assignment. This assignment was made to MacLear to secure money owing by Lindsley to him (about $625), and to the Manalapan company, about $800 or $900. Neither the bond nor mortgage were delivered to MacLear with the assignment. Mac-Lear's assignment was recorded nearly two years later, May 19th, 1909, but the previous assignment to Dey & Sutphen was not recorded until January 21st, 1910, shortly after the assignment of the mortgage to complainants. The power of attorney from Walter P. Lindsley to Morris B. Lindsley was recorded still later, May 16th, 1910. The assignment to MacLear was indexed in the clerk's index book under the name of Morris B. Lindsley, and not of Walter P. Lindsley, and complainants, who had before their purchase of the mortgage had the indexes examined, had no actual notice of the MacLear assignment.

Complainants, as assignees of Dey & Sutphen, are entitled to stand upon the rights of the latter to the bond and mortgage in question. The mortgage and assignment convey an interest in lands, both legal and equitable, and the assignment to Dey & Sutphen being prior in time to the assignment to MacLear, must prevail against it, unless the general rule as to priority is affected by the recording acts. *Jenkinson* v. *New York Finance Co.* (*Vice-Chancellor Emery, 1911*), *79 N. J. Eq. 247, 258.*

The recording acts provide for the recording of assignments of mortgages and other instruments, "Conveyances," *Rev. of 1898* § *21* (*Comp. Stat. p. 1541*), and (*Ibid.* § *53; Comp. Stat. 1552*), and that the record "shall be notice to all subsequent judgment creditors, purchasers and mortgagees of the execution and contents of the instrument." As to the effect of not recording the assignment or other instrument, it is provided (*Ibid.* § *54*)

"that it shall be void and of no effect against subsequent judgment creditors without notice, and against all subsequent *bona fide* purchasers and mortgagees not having notice thereof, whose deed or mortgage shall have been first duly recorded."

The previous act relating to mortgages (Revision of 1874), *Comp. Stat. pp. 3407*, &c., had provided only that the record of assignment of mortgages should be "notice to all concerned" that the mortgage was assigned (section 32, page 3418, and section 34, page 3419) that payments made to the assignor in good faith without actual notice and releases to persons not having actual notice should be valid.

These sections of the Mortgage act revision do not, as do the Conveyance acts, expressly make the assignments invalid, if unrecorded, against any persons, but save only the rights of the mortgagor on payments or releases of the mortgaged lands.

Section 54 of the Conveyance act applies to every deed or instrument set forth in the twenty-first section of the act, which includes assignments of mortgages, and the question therefore is whether MacLear, who was a subsequent purchaser of the mortgage, was a *bona fide* purchaser for a valuable consideration, not having notice of the prior assignment to Dey & Sutphen. In my

judgment, MacLear cannot be considered a *bona fide* purchaser for a valuable consideration without notice.

The fact that the assignor did not have the bond and mortgage to deliver with the assignment, while it might not, as between the assignor and the assignee, prevent the passing of such title thereto as the assignor had, was a notice that they were or might be held by someone other than the assignor. *Kamena* v. *Huelbig* (*Chancellor Zabriskie, 1872*), *23 N. J. Eq. 78, 80.* And actual notice to MacLear that Dey & Sutphen held the possession at the time of the attachment is proved. He was the attorney for the company who attached the bond and mortgage as in Dey & Sutphen's possession, and, subsequently, took his assignment of the mortgage to secure this company's debt. No circumstances have appeared which deprive these facts of their effect as notice. No acts of Dey & Sutphen have been proved which disentitle them to stand upon their assignment and possession of the bond and mortgage as prior to MacLear's assignment, and the complainants have succeeded to the title and rights to Dey & Sutphen. The fact that complainants paid only a small sum for the assignment does not create any equity in favor of the subsequent assignee, and the claim of counsel that the subsequent assignee is entitled to redeem on payment of this sum cannot be allowed.

A decree that the assignment to the complainants is prior to that of the defendant MacLear, and that as between them they are entitled to be first paid out of the proceeds of sale under foreclosure will be advised.